Battle, J.
 

 Ye cannot discover any error among those assigned in her bill of exceptions, which entitles the defendant to have the judgment reversed, and a
 
 veni/re de novo
 
 
 *170
 
 awarded. Divested of its complications, the case made for the defendant is simply this, that she was prevailed upon by what she alleges was the fraudulent representations of the plaintiff’s agent, to execute a bill of sale for the carriage, horses and other personal chattels in question, and that she afterwards refused, upon demand, to give them up. The bill of sale is lost, and is, therefore, not before us ; but the parties admit that it was in the ordinary form, and as such, it operated to pass the title from the time when it was given. Blackburn on Sales, 150 et seq., 57 Law Lib. 80. The transfer of the. bond, to say nothing of the release, was undoubtedly a sufficient consideration for it, whether the cutting off the name of the surety to the bond made that void or not; for if it were of no value to the defendant, it was at least a prejudice to the plaintiff, to be deprived of it.
 

 The objection, that the bill of sale was obtained by means of the fraudulent representations of the plaintiff’s agent, cannot avail in a Court of law. It is well settled, that a deed is valid in that Court, notwithstanding any fraud in the
 
 consideration
 
 of it, or in any false representation of a collateral fact, whereby the party was induced to enter into the contract by executing the instrument.
 
 Gant
 
 v. Hunsucker, 12 Ire. Rep. 254
 
 ; Reed
 
 v. Moore, 3 Ire. Rep. 310. It is only fraud in the
 
 factum,
 
 whiih can be relied on as a defense at law; while fraud, in the
 
 consideration,
 
 is left to be enquired of, and relieved against, in Equity.
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. and Bat. Rep. 13. As we do not find any error in the record, the judgment is affirmed. •
 

 Pee Cueiam. Judgment affirmed.